Slip Op. 13-125

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr>
<td>

SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF INDUSTRIE S.P.A., SOMECAT S.P.A., SKF (U.K.) LIMITED, and SKF GMBH,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

THE TIMKEN COMPANY,

Defendant-Intervenor.

</td>
<td>

**Before: Timothy C. Stanceu, Judge**

**Court No. 09-00392**

</td>
</tr>
</table>

## OPINION

[Denying relief on plaintiffs' remaining claim in action contesting, *inter alia*, final results of administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom]

Dated: September 27, 2013

*Herbert C. Shelley*, Steptoe & Johnson LLP, of Washington, DC, for plaintiffs. With him on the brief were *Alice A. Kipel* and *Laura R. Ardito*.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director. Of counsel on the brief was *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Geert M. De Prest*, Stewart and Stewart, of Washington, DC, for defendant-intervenor. With him on the brief were *Lane S. Hurewitz*, *Terence P. Stewart*, *William A. Fennell*, and *Noman A. Goheer*.

Stanceu, Judge: Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France

S.A.S., SKF Industrie S.p.A., Somecat S.p.A., SKF GmbH, and SKF (U.K.) Limited

(collectively, "SKF") brought this action to contest the final determination ("Final Results")

issued by the International Trade Administration, United States Department of Commerce

("Commerce" or the "Department"), in the nineteenth administrative reviews of antidumping

orders on imports of ball bearings and parts thereof ("subject merchandise") from France,

Germany, Italy, Japan, and the United Kingdom for the period May 1, 2007 through April 30,

2008 ("period of review").  Compl. ¶¶ 19-35 (Sept. 15, 2009), ECF No. 2; *Ball Bearings & Parts*

*Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of*

*Antidumping Duty Admin. Reviews & Revocation of an Order in Part*, 74 Fed. Reg. 44,819

(Aug. 31, 2009) ("*Final Results*").  Plaintiffs also brought a claim challenging the Department's

policy, rule, or practice of issuing liquidation instructions to U.S. Customs and Border Protection

("Customs") fifteen days after the date of publication of final results of a review (the "15-day

rule"), a claim the court found meritorious in a previous opinion.  Compl. ¶¶ 14-18.  Before the

court is a decision (the "Remand Redetermination") Commerce issued in response to the court's

order in *SKF USA, Inc. v. United States*, 35 CIT __, __, 800 F. Supp. 2d 1316, 1319 (2011)

("*SKF*").  *Final Results of Redetermination Pursuant to Remand* (Dec. 5, 2011), ECF No.63

("*Remand Redetermination*").  In this Opinion, the court determines that plaintiffs are not

entitled to relief on the only claim that remains undecided in this action.

## I. BACKGROUND

The background of this case is set forth in the court's previous Opinion and Order and is

supplemented briefly herein.  *SKF*, 35 CIT __, __, 800 F. Supp. 2d 1316, 1319 (2011).  In that

Opinion and Order, the court directed Commerce to reconsider its use of its "zeroing"

methodology in the nineteenth reviews. *Id.*, 35 CIT at __, 800 F. Supp. 2d at 1328-29. As discussed later in this Opinion, the term "zeroing" refers to a methodology according to which Commerce calculates a weighted-average dumping margin. The court also held that plaintiffs were entitled to relief in the form of a declaratory judgment on their claim that the 15-day rule was contrary to law as applied to plaintiffs in the effectuation of the *Final Results*. *Id.*, 35 CIT at __, 800 F. Supp. 2d at 1328-29. The court denied relief on all other claims made by plaintiff in this litigation. *Id.*

Commerce filed its Remand Redetermination on December 5, 2011. *Remand Redetermination*. On July 31, 2012, the court ordered this action stayed until 30 days after the final resolution of all appellate proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248, which involved a claim challenging to the Department's use of zeroing in an administrative review that was similar to the zeroing claim in this action. Order, ECF No. 74.

On April 16, 2013, the Court of Appeals for the Federal Circuit ("Court of Appeals") issued its decision in *Union Steel*, affirming the Department's use of zeroing. *Union Steel v. United States*, 713 F.3d 1101, 1103 (Fed. Cir. 2013) ("*Union Steel*"). Pursuant to the court's order, the stay expired on July 10, 2013.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

Subject matter jurisdiction over this action is provided by section 201 of the Customs Courts Act of 1980. 28 U.S.C. § 1581(c) (for claims challenging the Final Results) & 1581(i) (for the claim challenging the 15-day rule).[1] For plaintiffs' claims contesting the Final Results, the court is directed to "hold unlawful any determination, finding, or conclusion found . . . to be

---

[1] All statutory citations herein are to the 2006 edition of the U.S. Code.

unsupported by substantial evidence on the record, or otherwise not in accordance with law. *See* Tariff Act of 1930 ("Tariff Act"), § 516A, 19 U.S.C. § 1516a(b)(1)(B)(i). For plaintiffs' claim challenging the 15-day rule, the court must "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Administrative Procedure Act, § 706, 5 U.S.C. § 706; 28 U.S.C. § 2640(e).

     B.  <u>Plaintiffs Are Not Entitled to Relief on their Claim Challenging the Use of Zeroing</u>

In calculating a weighted-average dumping margin in an administrative review, Commerce first determines two values for each entry of subject merchandise falling within the period of review: the normal value and the export price ("EP") (or the constructed export price ("CEP") if the EP cannot be determined). Tariff Act, § 751, 19 U.S.C. § 1675(a)(2)(A)(i). Commerce then determines a margin for each entry by taking the amount by which the normal value exceeds the EP or CEP. *Id.* §§ 1675(a)(2)(A)(ii), 1677(35)(A). In determining a dumping margin according to the zeroing methodology, which it applied in the nineteenth administrative reviews, Commerce assigns a value of zero, not a negative value, to the entry if normal value is less than EP or CEP. Finally, Commerce aggregates these values to calculate a weighted-average dumping margin. *Id.* § 1677(35)(B).

As directed by the court's remand order, Commerce reconsidered its use of zeroing in the nineteenth reviews and included in the Remand Redetermination an explanation of why it considered the use of that methodology to be in compliance with the Tariff Act despite the Department's discontinuation of zeroing in antidumping duty investigations. *Remand Redetermination* 7-15.

In *Union Steel*, the Court of Appeals affirmed the Department's use of zeroing in circumstances analogous to those presented by this case. *Union Steel*, 713 F.3d at 1103. The court considers *Union Steel* dispositive of the zeroing issue presented by this action and sustains the Department's use of zeroing in the *Final Results.*

C. The Court Previously Adjudicated Plaintiffs' Claim Challenging the 15-Day Rule

In *SKF*, the court concluded that Commerce failed to support with adequate reasoning its application of the 15-day rule to implement the *Final Results*. The court stated that "[a]s relief on the 15-day-rule claim, the court will award plaintiffs a declaratory judgment that the Department's use of the 15-day rule in these reviews was unlawful." *SKF*, 35 CIT at __, 800 F. Supp. 2d at 1328. Regarding the form of relief, the court noted that "[n]o other relief is requested on this claim." *Id.* Accordingly, the court will award to plaintiffs a judgment declaring the Department's policy, rule, or practice of issuing liquidation instructions to Customs fifteen days after the date of publication of the final results of an administrative review to have been unlawful as applied to plaintiffs in the implementation of the *Final Results*.

### III. CONCLUSION

For the reason discussed above, the court denies plaintiffs relief on the claim challenging the use of zeroing in the *Final Results*. Judgment will be entered in favor of defendant on those of plaintiffs' claims that challenged aspects of the *Final Results* and in favor of plaintiffs on the claim challenging the Department's application to plaintiffs of the 15-day rule to implement the *Final Results*.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: September 27, 2013
          New York, New York